United States District Court
Southern District of Texas
**ENTERED**
January 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MATTIELENE COPELAND § | |
| § | |
| V. § | CIVIL ACTION NO. G-12-141 |
| § | |
| TEXAS FARMERS § | |
| INSURANCE COMPANY § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable George C. Hanks, Jr., United States District Judge, is the Supplemental Motion to Remand of Plaintiff, Mattielene Copeland. The Motion has been fully briefed and is ripe for a determination. Having now considered the Motion this Court submits this Report and Recommendation to Judge Hanks.

## RELEVANT FACTS

Copeland owns a home in Clear Lake Shores, Texas. In 1997 she submitted an application for flood insurance through the Rider Insurance Agency to American Bankers, a WYO carrier within the National Flood Insurance Program. The application indicated that the home had a finished basement. American Bankers accepted the application and issued a one-year standard flood insurance policy (SFIP)[1] spanning parts of 1997 and 1998. The policy was renewed by American Bankers in 1998 and 1999. In 2000 Texas Farmers became Copeland's WYO carrier.[2] No new insurance application was required of Copeland or

---

[1] An SFIP is not only an insurance policy, it is also a federal regulation. 44 C.F.R. Pt. 61, App. A(1).

[2] Copeland alleges that Texas Farmers "acquired" American Bankers, but Farmers offers undisputed evidence to the contrary in the form of an affidavit from the head of its flood insurance

submitted by her, Farmers just renewed the existing SFIP. Thereafter, Farmers renewed Copeland's policy each year. The 2008 renewal provided $141,000.00 in building coverage and $27,600.00 in contents coverage.

On September 13, 2008, Copeland's home sustained flood damage from Hurricane Ike. During the adjustment of Copeland's claim it was discovered that her home was an elevated[3] post-FIRM structure[4], not a home with a subgrade basement as represented in her original application. Consequently, insurance coverage for flood damage below the lowest elevated floor level of Copeland's home was severely limited under an SFIP. As a result, Farmers, in accordance with terms of the SFIP, reformed the policy, denied most of Copeland's claim, paid her about $8,000.00 and refunded a portion of the premiums she had paid which would have provided coverage for a basement had one existed. According to Copeland she was thereby denied more than $45,000.00 worth of coverage provided by her policy as written.

Copeland sued Farmers in state court based upon the misrepresentation of coverage. She asserted claims for negligence, negligent misrepresentation, Texas Deceptive Trade Practices Act violations and Texas Insurance Code violations. Farmers removed the case

---

program, Jeff Hinesly. (Doc. No. 10, Exhibit B). According to Hinesly, Copeland's SFIP was simply "rolled over to a Texas Farmers SFIP."

[3] An "elevated building" is "A building that has no basement and that has its lowest elevated floor raised above ground level. SFIP I. A, 14.

[4] A "post-firm" structure is one constructed after the effective date of the Flood Insurance Rate Map applicable to the property.

claiming that Copeland's state law claims were preempted by federal law and that federal court was the exclusive forum for any suit against a WYO carrier related to the coverage of an SFIP. Finding that Copeland's claims related to policy "procurement," not "claims handling," United States District Judge Kenneth Hoyt remanded the case pursuant to <u>Campo v. Allstate Insurance Co.</u>, 562 F.3d 751 (5th Cir. 2009). Just before the state case was to go to trial, Copeland amended her complaint and added a claim which, in Farmers's opinion, made the case removable. The case was once again removed and Copeland's subsequent Motion to Remand was denied. Farmers filed dispositive motions and those motions were fully briefed, but before they were decided the case was stayed pending a decision by the Fifth Circuit in a case that presented the opportunity to re-examine its holding in <u>Campo</u>. The Fifth Circuit, however, reaffirmed its <u>Campo</u> decision and this case was reopened. Copeland has now filed her Supplemental Motion to Remand which is addressed in this Report and Recommendation.

## ANALYSIS

Following Judge Hoyt's remand, the Fifth Circuit decided <u>Grissom v. Liberty Mutual Insurance Co.</u>, 678 F.3d 397 (5th Cir. 2012). In <u>Grissom</u> the Court acknowledged that under <u>Campo</u> a non-insured's interactions with a WYO carrier to acquire insurance may provide the basis for a suit against the carrier for claims arising from misrepresentations made during the procurement process. But <u>Grissom</u> drew an important distinction that is relevant to this case. <u>Grissom</u> held that the annual interactions between the insured and the insurer for

3

"renewals" of an existing SFIP are not for the procurement of insurance, rather they are "claims handling" and subject to preemption. Id. at 401. In this case the only interactions between Copeland and Farmers were related to renewals of the original, allegedly misrepresented, SFIP procured through Rider Insurance Agency from American Bankers. Under the terms of an SFIP any suit against the carrier "arising out of the handling of any claim under the policy" must be filed in "the United States District Court of the district in which the insured property (is) located." Accordingly, this Court has exclusive jurisdiction of any claims Copeland may have against Farmers related to the policy and a remand would be improper.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Supplemental Motion to Remand" (Instrument no. 69) of Plaintiff, Mattielene Copeland, be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **February 12, 2016**, to file written objections. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____28th____ day of January, 2016.

_____
John R. Froeschner
United States Magistrate Judge

4